THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
   1500 United States Courthouse
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2917/3380/0698
   Facsimile: (213) 894-3713
   E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|              Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
| | ) ALEXANDER AMPARAN |
|        v. | ) |
| | ) |
| RAMON NARCISO MORALES | ) |
| MENDOZA, ET AL., | ) |
| | ) |
|         Defendants. | ) |
| | ) |

1. This constitutes the plea agreement between ALEXANDER AMPARAN, aka "Alejandro" ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//

//

PLEA

2.   Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

a.   Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.   Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance.   Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

<u>PENALTIES</u>

5.   The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: 40 years imprisonment, a lifetime period of supervised release, a fine of $2,000,000, and a mandatory special assessment of $100.

6.   The statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 5 years imprisonment, a 4-year term of supervised release, and a mandatory special assessment of $100.

7.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members

1  will be reduced to reflect defendant's ineligibility.

2       10.  Defendant further understands that the conviction in
3  this case may subject defendant to various collateral
4  consequences, including but not limited to deportation,
5  revocation of probation, parole, or supervised release in another
6  case, and suspension or revocation of a professional license.
7  Defendant understands that unanticipated collateral consequences
8  will not serve as grounds to withdraw defendant's guilty plea.

9                              FACTUAL BASIS

10      11.  Defendant and the USAO agree and stipulate to the
11 statement of facts provided below.  This statement of facts is
12 sufficient to support a plea of guilty to the charge described in
13 this agreement and to establish the sentencing guideline factors
14 set forth in paragraph 14 below.  It is not meant to be a
15 complete recitation of all facts relevant to the underlying
16 criminal conduct or all facts known to either party that relate
17 to that conduct.

18      Beginning on a date unknown and continuing through April 9,
19 2009, defendant knowingly and intentionally conspired to
20 distribute more than 100 grams of heroin.  Specifically,
21 defendant agreed to and did receive heroin from individuals
22 associated with the Mendoza family heroin distribution
23 organization, which is based in Mexico.  Defendant would call
24 co-defendants on the telephone to order heroin packaged for
25 distribution.  Defendant took delivery of the heroin from
26 co-defendants and then sold some of the heroin for profit and
27 used some of the heroin himself.  For instance, on October 17,
28 2008, November 2, 2008, and November 3, 2008, defendant arranged

                                   4

1  to meet a co-defendant in order to purchase heroin for
2  distribution and use.  Other examples of defendant's
3  participation in the conspiracy occurred on November 13, 2008,
4  when a co-defendant drove to a "Food 4 Less" store in Whittier,
5  California, and sold heroin to defendant and defendant later
6  swallowed the heroin while attempting to escape from law
7  enforcement, and on November 14, 2008, when defendant possessed
8  with the intent to distribute approximately 4.79 grams of heroin
9  that he received from co-defendants at a shopping center in
10  Montebello, California.  During defendant's arrest on November
11  14, 2008, defendant told law enforcement that he often sells
12  heroin in balloons for six and seven dollars per balloon.

13      Throughout his participation in the conspiracy, defendant
14  knew that the substance he possessed and sold was heroin.
15  Defendant further admits he knew that the conspiracy to
16  distribute heroin included an agreement to distribute more than
17  100 grams but less than 400 grams of heroin.

18                  WAIVER OF CONSTITUTIONAL RIGHTS

19      12.  By pleading guilty, defendant gives up the following
20  rights:

21          a) The right to persist in a plea of not guilty.

22          b) The right to a speedy and public trial by jury.

23          c) The right to the assistance of legal counsel at
24  trial, including the right to have the Court appoint counsel for
25  defendant for the purpose of representation at trial.  (In this
26  regard, defendant understands that, despite his plea of guilty,
27  he retains the right to be represented by counsel -- and, if
28  necessary, to have the court appoint counsel if defendant cannot

1   afford counsel -- at every other stage of the proceeding.)

2         d) The right to be presumed innocent and to have the
3   burden of proof placed on the government to prove defendant
4   guilty beyond a reasonable doubt.

5         e) The right to confront and cross-examine witnesses
6   against defendant.

7         f) The right, if defendant wished, to testify on
8   defendant's own behalf and present evidence in opposition to the
9   charges, including the right to call witnesses and to subpoena
10  those witnesses to testify.

11        g) The right not to be compelled to testify, and, if
12  defendant chose not to testify or present evidence, to have that
13  choice not be used against defendant.

14        By pleading guilty, defendant also gives up any and all
15  rights to pursue any affirmative defenses, Fourth Amendment or
16  Fifth Amendment claims, and other pretrial motions that have been
17  filed or could be filed.

18                          SENTENCING FACTORS

19        13. Defendant understands that the Court is required to
20  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
21  including the kinds of sentence and sentencing range established
22  under the United States Sentencing Guidelines ("U.S.S.G." or
23  "Sentencing Guidelines"), in determining defendant's sentence.
24  Defendant further understands that the Sentencing Guidelines are
25  advisory only, and that after considering the Sentencing
26  Guidelines and the other § 3553(a) factors, the Court may be free
27  to exercise its discretion to impose any reasonable sentence up
28  to the maximum set by statute for the crime of conviction.

1      14.   Defendant and the USAO agree and stipulate to the

2  following applicable Sentencing Guidelines factors:

3      Base Offense Level  :    26   U.S.S.G. § 2D1.1(c)(6)

4      Minor Role Adjustment:   - 2  U.S.S.G. § 3B1.2(b)

5  Defendant and the USAO reserve the right to argue that additional

6  specific offense characteristics, adjustments, and departures

7  under the Sentencing Guidelines are appropriate.  Defendant also

8  understands that defendant's base offense level could be

9  increased if defendant is a career offender under U.S.S.G.

10 §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level

11 is so altered, the parties are not bound by the base offense

12 level stipulated to above.

13     15.   There is no agreement as to defendant's criminal

14 history or criminal history category.

15     16.   Defendant and the USAO, pursuant to the factors set

16 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

17 (a)(7), further reserve the right to argue for a sentence outside

18 the sentencing range established by the Sentencing Guidelines.

19     17.   The stipulations in this agreement do not bind either

20 the United States Probation Office or the Court.  Both defendant

21 and the USAO are free to: (a) supplement the facts by supplying

22 relevant information to the United States Probation Office and

23 the Court, (b) correct any and all factual misstatements relating

24 to the calculation of the sentence, and (c) argue on appeal and

25 collateral review that the Court's Sentencing Guidelines

26 calculations are not error, although each party agrees to

27 maintain its view that the calculations in paragraph 14 are

28 consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

18.  Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

19.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the

1   applicable Sentencing Guidelines range, where the sentence should

2   fall within that range, the propriety and extent of any departure

3   from that range, and the determination of the sentence to be

4   imposed after consideration of the Sentencing Guidelines and all

5   other relevant factors under 18 U.S.C. § 3553(a).

6          c) At the time of sentencing, provided that defendant

7   demonstrates an acceptance of responsibility for the offense up

8   to and including the time of sentencing, to recommend a two-level

9   reduction in the applicable sentencing guideline offense level,

10  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

11  move for an additional one-level reduction if available under

12  that section.

13         d) To recommend that defendant be sentenced to a term

14  of imprisonment at the low end of the applicable Sentencing

15  Guidelines imprisonment range provided that the total offense

16  level as calculated by the Court is 21 or higher and provided

17  that the Court does not depart downward in offense level or

18  criminal history category.  For purposes of this agreement, the

19  low end of the Sentencing Guidelines imprisonment range is that

20  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

21         e) Provided that defendant is not determined to be a

22  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, to recommend a

23  sentence no greater than 77 months incarceration.

<u>BREACH OF AGREEMENT</u>

25     20.  If defendant, at any time after the execution of this

26  agreement, knowingly violates or fails to perform any of

27  defendant's agreements or obligations under this agreement ("a

28  breach"), the USAO may declare this agreement breached.  If the

9

1  USAO declares this agreement breached at any time following its
2  execution, and the Court finds such a breach to have occurred,
3  then: (a) if defendant has previously entered a guilty plea,
4  defendant will not be able to withdraw the guilty plea, and
5  (b) the USAO will be relieved of all of its obligations under
6  this agreement.

7      21.  Following the Court's finding of a knowing and willful
8  breach of this agreement by defendant, should the USAO elect to
9  pursue any charge that was either dismissed or not filed as a
10 result of this agreement, then:

11         a) Defendant agrees that any applicable statute of
12 limitations is tolled between the date of defendant's signing of
13 this agreement and the commencement of any such prosecution or
14 action.

15         b) Defendant gives up all defenses based on the statute
16 of limitations, any claim of pre-indictment delay, or any speedy
17 trial claim with respect to any such prosecution, except to the
18 extent that such defenses existed as of the date of defendant's
19 signing this agreement.

20         c) Defendant agrees that: (i) any statements made by
21 defendant, under oath, at the guilty plea hearing (if such a
22 hearing occurred prior to the breach); (ii) the stipulated
23 factual basis statement in this agreement; and (iii) any evidence
24 derived from such statements, are admissible against defendant in
25 any such prosecution of defendant, and defendant shall assert no
26 claim under the United States Constitution, any statute, Rule 410
27 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules
28 of Criminal Procedure, or any other federal rule, that the

1  statements or any evidence derived from any statements should be
2  suppressed or are inadmissible.

3                LIMITED MUTUAL WAIVER OF APPEAL

4       22.  Defendant gives up the right to appeal any sentence
5  imposed by the Court, and the manner in which the sentence is
6  determined, provided that (a) the sentence is within the
7  statutory maximum specified above and is constitutional, and
8  (b) the Court imposes a sentence within or below the range
9  corresponding to a total offense level of 21, and the applicable
10 criminal history category as determined by the Court.
11 Notwithstanding the foregoing, defendant retains any ability
12 defendant has to appeal the conditions of supervised release
13 imposed by the Court, with the exception of the following:
14 conditions set forth in General Orders 318, 01-05, and/or 05-02
15 of this Court; the drug testing conditions mandated by 18 U.S.C.
16 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
17 conditions authorized by 18 U.S.C. § 3563(b)(7).

18      23.  The USAO gives up its right to appeal the sentence,
19 provided that (a) the sentence is within the statutory minimum
20 and maximum specified above and is constitutional, and (b) the
21 Court imposes a sentence within or above the range corresponding
22 to a total offense level of 21, and the applicable criminal
23 history category as determined by the Court.

24             RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25      24.  Defendant agrees that if any count of conviction is
26 vacated, reversed, or set aside, the USAO may: (a) ask the Court
27 to resentence defendant on any remaining counts of conviction,
28 with both the USAO and defendant being released from any

                              11

1  stipulations regarding sentencing contained in this agreement,
2  (b) ask the Court to void the entire plea agreement and vacate
3  defendant's guilty plea on any remaining count of conviction,
4  with both the USAO and defendant being released from all of their
5  obligations under this agreement, or (c) leave defendant's
6  remaining conviction, sentence, and plea agreement intact.
7  Defendant agrees that the choice among these three options rests
8  in the exclusive discretion of the USAO.

9                          <u>COURT NOT A PARTY</u>

10      25.  The Court is not a party to this agreement and need not
11  accept any of the USAO's sentencing recommendations or the
12  parties' stipulations.  Even if the Court ignores any sentencing
13  recommendation, finds facts or reaches conclusions different from
14  any stipulation, and/or imposes any sentence up to the maximum
15  established by statute, defendant cannot, for that reason,
16  withdraw defendant's guilty plea, and defendant will remain bound
17  to fulfill all defendant's obligations under this agreement.  No
18  one --  not the prosecutor, defendant's attorney, or the Court --
19  can make a binding prediction or promise regarding the sentence
20  defendant will receive, except that it will be within the
21  statutory maximum.

22                     <u>NO ADDITIONAL AGREEMENTS</u>

23      26.  Except as set forth herein, there are no promises,
24  understandings or agreements between the USAO and defendant or
25  defendant's counsel.  Nor may any additional agreement,
26  understanding or condition be entered into unless in a writing
27  signed by all parties or on the record in court.
28  //

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

2/3/10
Date

ARIEL A. NEUMAN
JUSTIN RHOADES
JEFF MITCHELL
Assistant United States Attorneys

I, Alexander Amparan, am fluent in English and have carefully read this agreement.  I have discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions and factors to be considered by the Court for sentencing under 18 U.S.C. § 3553(a), and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this

//
//
//

13

1  agreement.  Finally, I am satisfied with the representation of my
2  attorney in this matter.

3  _____          2-3-10
   ALEXANDER AMPARAN                           Date
4  Defendant

5      I am Alexander Amparan's attorney.  I have carefully
6  discussed every part of this agreement with my client.  Further,
7  I have fully advised my client of his rights, of possible
8  defenses, of the sentencing factors set forth in 18 U.S.C.
9  § 3553(a), of the relevant Sentencing Guidelines provisions, and
10 of the consequences of entering into this agreement.  To my
11 knowledge, my client's decision to enter into this agreement is
12 an informed and voluntary one.

13 _____          February 3, 2010
   MICHAEL CRAIN                               Date
14 Counsel for Defendant
15 ALEXANDER AMPARAN

16
17
18
19
20
21
22
23
24
25
26
27
28

                              14